# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO E. MCLAURIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 630 |
| | ) |
| TOM DART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Antonio McLaurin ("McLaurin") has used the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to charge Cook County Sheriff Tom Dart with a violation of McLaurin's constitutional rights while he was detained at the Cook County Department of Corrections ("County Jail") during a period of some six months between March and September 2015. Although this Court will of course credit McLaurin's Complaint ¶ IV "Statement of Claim" in which he asserts that he was subjected to terrible living conditions "in Division One B-3 and E-4" during that time frame, this action must be and is dismissed because of McLaurin's total failure to show any compliance with the precondition to suit established by 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In that respect nothing in McLaurin's Complaint states or even hints at any predicate for his noncompliance with that requirement.

As is often the case with prisoner actions such as McLaurin's, he has accompanied his

Complaint with another Clerk's-Office-supplied form -- an In Forma Pauperis Application (the "Application," Dkt. No. 3).[1]  That Application is inadequate to the purpose for which it is supplied as called for by 28 U.S.C. § 1915 ("Section 1915"), because its attached printout of transactions in McLaurin's trust fund account at Sheridan Correctional Center (where he has been in custody since his transfer from the County Jail and then Stateville Correctional Center) ends with December 16, 2015 even though the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988) calls for a six-month period ending January 24, 2017.

    This Court has asked that its law clerk or one of the District Court's staff attorneys assigned to prisoner cases get the missing information in that regard.   When that is received, this Court can then make the calculation under Section 1915 as to McLaurin's obligation to make future installment payments toward the $350 filing fee that he has incurred by bringing his Complaint.

                                                      */s/ Milton I. Shadur*

                                                  Milton I. Shadur
                                                Senior United States District Judge

Date:   January 31, 2017

---

[1]  Although the docket also lists a Motion for Attorney Representation as Dkt. No. 4, that docket number is simply a second counterpart of the Application.   That has all of the earmarks of a glitch in the Clerk's Office, but that is irrelevant because such a motion would be denied as moot in any event -- and it is.